UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TIMOTHY SHANNON** | * | **CIVIL ACTION NO.:** |
| Plaintiff | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **RODI MARINE, LLC and** | * | |
| **TALOS OIL & GAS, LLC** | * | **MAGISTRATE:** |
| Defendants | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Timothy Shannon, a resident of the County of Leake, State of Mississippi, who respectfully avers as follows:

1.

Made defendants herein are:

**Rodi Marine, LLC**, a Louisiana Limited Liability Company with its principal place of business in the Parish of Lafayette that is authorized to do and doing business within the jurisdictional boundaries of this Court;

**Talos Oil & Gas, LLC**, a foreign Limited Liability Company, with its principal place of business located in the State of Texas that is authorized to do and doing business within the jurisdictional boundaries of this Court.

(collectively "Defendants")

2.

Plaintiff brings claims against Defendants under the Longshore and Harbor Workers' Compensation Act and the General Maritime Law as may be supplemented by the law of the most adjacent state.

3.

Defendants are justly and truly indebted to Plaintiff for all damages that are reasonable in the premises, together with legal interest from the date of incident until paid and all costs of these proceedings, for the following reasons:

4.

On or about May 5, 2021, Plaintiff, Timothy Shannon, was employed by Helmerich & Payne, Inc. as a rig manager for the drilling rig known as the H&P rig 100, and he was assigned to perform work as a rig manager on an offshore oil production platform in the Gulf of Mexico, due south of Terrebonne and/or Lafourche Parish and located in Green Canyon Block 18. The offshore oil production platform at issue was, on information and belief, owned and/or operated by Talos Oil and Gas, LLC (hereinafter "Talos").

5.

On May 5, 2021, Plaintiff was being transferred to the Talos production platform on an offshore supply vessel, the M/V MR LLOYD.

6.

At all material times herein, Defendant, Rodi Marine, LLC, was the owner, operator and/or owner pro hac vice, of the M/V MR LLOYD.

7.

At all material times herein, Defendant, Talos, had contracted with Defendant, Rodi Marine, LLC, to provide transportation on the M/V MR LLOYD to and from the Talos production platform via a time charter.

8.

On the date of the incident, the weather conditions offshore were poor, including high winds and seas that resulted in a rough and unsafe ride for passengers being transported to the Talos production platform, which included Plaintiff.

9.

During the boat ride, several hours after the ride began and many miles out to sea, the M/V MR LLOYD encountered especially rough seas while operating at an unsafe speed, thereby causing Plaintiff to be unexpectedly thrown about, and resulting in Plaintiff sustaining injuries to his neck, back and hip, among other parts of his body.

10.

A proximate cause of the injuries and damages sustained by Plaintiff was the negligence and/or fault of Rodi Marine, LLC including the negligence of all of Rodi Marine, LLC's agents, employees, and representatives for whom Rodi is vicariously liable, in the following nonexclusive particulars:

1. Transporting passengers on the M/V MR LLOYD in rough seas;

2. Operating the M/V MR LLOYD at an unsafe speed under the circumstances:

3. Failure to provide safe carriage to the Talos production platform;

4. Failure to maintain proper lookout;

5. Failure to ensure the passengers on the M/V MR. LLOYD were secure;

6. Failure to ensure the seaworthiness of the M/V MR. LLOYD;

7. Failure to ensure that there were no dangerous conditions on board the M/V MR. LLOYD;

8. Failure to properly train and supervise its personnel regarding the safe operation of a vessel and the safe transport of passengers aboard a vessel; and

9. Any other acts of negligence which will be shown at the trial of this matter.

11.

A proximate cause of the injuries and damages sustained by Plaintiff was the negligence and/or fault of Talos, including the negligence of all of Talos's agents, employees, and representatives for whom Talos is vicariously liable, in the following nonexclusive particulars:

1. Failure to provide safe transportation to the Talos production platform;

2. Permitting transportation to the Talos production platform in rough seas;

3. Ordering, as time charterer, the M/V MR. LLOYD out in rough seas creating a dangerous and unsafe condition;

4. Failure to provide safe carriage to the Talos production platform;

5. Improperly instructing Plaintiff and others regarding the way to ride in a vessel, and/or requiring Plaintiff and others to ride in a vessel in an incorrect manner; and

6. Any other acts of negligence which will be shown at the trial of this matter.

12.

As a result of the negligence and fault of Defendants, Plaintiff sustained significant injuries, necessitating medical treatment and resulting in loss of work and permanant physical impairments; thereby entitling him to general damages, past and future, for his physical and mental pain and suffering, emotional distress, loss of enjoyment of life, and permanent disability; and special damages, past and future, including medical expenses, lost wages and loss of earnings capacity.

13.

Defendants are also liable to Plaintiff for punitive damages under general maritime law and § 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA") for their (1) gross negligence; and (2) reckless and callous disregard of the rights of others, including Timothy Shannon. On information and belief—on occasions before and after the incident forming the basis of this suit—Defendants decided to ferry offshore crew members in unsafe conditions knowing their decision was likely to cause injury. And, on information and belief, those previous decisions

4

actually did result in injury to the crew members that Rodi and/or Talos decided to ferry, or caused to be ferried, in unsafe conditions. Thus, armed with the knowledge that doing so again would likely cause injury to Timothy Shannon and others similarly situated, Defendants chose to send Timothy Shannon into unsafe conditions solely for the purpose of profit and production, which viewed in light of the broader pattern of similar reckless decision making, was grossly negligent and showed a callous disregard for Timothy Shannon's safety.

**WHEREFORE**, Plaintiff, Timothy Shannon, prays that Defendants, Rodi Marine, LLC and Talos Oil and Gas, LLC be served with a copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of Plaintiff and against Defendants for all damages that are reasonable in the premises, together with legal interest, and all costs of these proceedings; and further, for all general and equitable relief which the court deems necessary and proper under the circumstances.

Respectfully submitted,

**Marcelle Robertson Mestayer LLC**

*/s/ Jacques Mestayer*
Brian P. Marcelle (La. Bar No. 25156)
Alex T. Robertson (La. Bar No. 37285)
Jacques C. Mestayer (La. Bar No. 37230)
650 Poydras St. Ste 2720
New Orleans, LA 70130
Phone: (504)910-6220
Fax:    (504)910-6800
brian@mrmlaw.com
alex@mrmlaw.com
jacques@mrmlaw.com