UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY SHANNON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1222** |
| **RODI MARINE, LLC, ET AL.** | **SECTION: D (5)** |

### ORDER AND REASONS

Before the Court is a Motion to Strike the Testimony of Plaintiff's Liability Expert, Gregg Daley, filed by defendant, Talos Oil and Gas, LLC ("Talos").[1] Plaintiff, Timothy Shannon, opposes the Motion,[2] and Talos has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

### I.  FACTUAL AND PROCEDURAL BACKGROUND[4]

In the instant Motion, Talos seeks to strike the opinions of Plaintiff's liability expert, Captain Gregg Daley, concerning the purported duties that Talos, as time charterer, owed to Plaintiff with respect to the voyage during which Plaintiff was allegedly injured on May 5, 2021.[5] Repeating many of the arguments raised in its Motion for Summary Judgment,[6] which this Court previously denied,[7] Talos argues that under its time-charter agreement with Rodi Marine, LLC ("Rodi"), Rodi was

---

[1] R. Doc. 52.
[2] R. Doc. 75.
[3] R. Doc. 83.
[4] The Court set forth the factual and procedural background of this case in great detail in its February 22, 2024 Order and Reasons denying Talos' Motion for Summary Judgment (R. Doc. 132) and, for the sake of brevity, it will not be repeated here.
[5] R. Doc. 52.
[6] *See*, R. Docs. 50 & 50-14.
[7] R. Doc. 132.

solely responsible for operating and navigating the M/V MR LLOYD during the voyage at issue,[8] and that "it is undisputed" that Rodi's captain, Captain Howard Jordan, decided to make the voyage because he believed it was safe to do so.[9] Talos takes issue with Captain Daley's opinion that Talos' shoreside dispatcher, Kevin Anselmi, should have briefed Captain Jordan on the DTN WeatherOps weather forecast in Talos' possession, which predicted six foot seas on the morning of the voyage, before Captain Jordan left the dock.[10] Talos argues that Captain Daley fails to explain the basis for Anselmi's alleged duty to educate Captain Jordan about the weather forecast or why Anselmi would believe that Talos' weather reports were allegedly superior to Rodi's weather reports.[11] Talos likewise asserts that there is no basis for Captain Daley's opinion that Talos should have instructed Captain Jordan to not make the voyage based upon the forecasted weather and sea conditions, since Talos, as a time charterer, did not have operational control over the M/V MR LLOYD.[12] Talos claims that Captain Daley's opinions regarding Talos' alleged duties as the time-charterer should be excluded because they are legal conclusions, they are unreliable under *Daubert* and Fed. R. Evid. 702, and they lack factual support.[13]

Plaintiff asserts that the heart of the dispute between the parties is the duty, if any, that Talos owed to Plaintiff, and that Captain Daley's opinions will help the Court determine the reasonableness of Talos' actions, what Talos knew or should

---

[8] R. Doc. 52-1 at pp. 1, 4, 12-15, & 17.
[9] *Id.* at pp. 1, 14-15, 15-16, & 19.
[10] *Id.* at p. 10.
[11] *Id.* at pp. 10-11.
[12] *Id.* at pp. 11-12 & 16-17.
[13] *Id.* at pp. 19-21.

have known at the time of the voyage, whether Talos owed a duty to Plaintiff, and whether it breached that duty.[14] Acknowledging that experts may not offer legal conclusions, Plaintiff asserts that Fed. R. Evid. 704 permits expert testimony about the standard of care within a certain industry and whether a party met that standard of care, opinions which are helpful to the trier of fact and are not legal conclusions.[15] Plaintiff claims that Captain Daley offered two opinions about Talos, namely that Talos had access to more sophisticated and informative weather forecasts than the vessel and should have shared those forecasts with the vessel, and that Talos should have delayed the voyage or transported the crew by helicopter based upon the weather forecasts received by the Talos dispatcher.[16] Plaintiff argues that Captain Daley has not offered any legal conclusions and that his opinions are the type of testimony that Rule 704 permits.[17] In response to Talos' argument that Captain Daley's report is insufficient because it lacks factual support, Plaintiff asserts that Captain Daley's opinions are based upon deposition testimony, including the testimony of Talos' well site leaders, and that any dispute as to the factual basis of his opinions goes to the weight of the opinion, not its admissibility.[18]

In response, Talos maintains that Captain Daley's opinions regarding Talos' alleged liability to Plaintiff, including his opinion that Talos' shoreside dispatcher, Anselmi, had a legal duty to exert operational control over the M/V MR LLOYD, are

---

[14] R. Doc. 75 at pp. 1-2.
[15] *Id.* at p. 6 (citing *Richardson v. SEACOR Lifeboats, LLC*, Civ. A. No. 14-1712, 2015 WL 2193907, at *3 (E.D. La. May 11, 2015) (Morgan, J.)).
[16] R. Doc. 75 at p. 7 (*citing* R. Doc. 52-12 at pp. 58-62).
[17] R. Doc. 75 at p. 7 (citing *Owens v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)).
[18] R. Doc. 75 at p. 8 (citing *Richardson,* Civ. A. No. 14-1712, 2015 WL 2193907 at *3; R. Doc. 55-6 at pp. 4-8 & 10-12; R. Doc. 55-5 at pp. 9-13).

inadmissible legal conclusions and are not based upon sufficient facts.[19] Talos also references Captain Daley's "addendum report," which "merely extends that legal duty to the two Talos well site leaders at the HP 100 rig, Chad Graham, and Chris Rawson."[20] Talos maintains that its time-charter agreement with Rodi "clearly delegates the responsibility for all aspects of the operation and navigation of M/V MR. LLOYD, including the timing of the Voyage, to Rodi."[21] As such, Talos asserts that its Motion should be granted.

## II. LEGAL STANDARD

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving by a preponderance of the evidence that the testimony satisfies Federal Rule of Evidence 702.[22] Rule 702, which governs the admissibility of expert testimony,[23] provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and

---

[19] R. Doc. 83 at pp. 1-2.
[20] *Id.* at pp. 1 & 3 (*citing* R. Doc. 83-1).
[21] R. Doc. 83 at p. 8.
[22] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[23] *In re Chinese Manufactured Drywall Products Liability Litigation*, Civ. A. No. 09-6687, 2010 WL 8368083, at *2 (E.D. La. Feb. 17, 2000) (Fallon, J.).

> (d) The expert has reliably applied the principles and methods to the facts of the case.[24]

Rule 702 is a codification of the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* and *Kumho Tire Co. v. Carmichael*.[25] Under Rule 702, "district courts are assigned a gatekeeping role to determine the admissibility of expert testimony."[26] In this role, "The court must find that the evidence is both relevant and reliable before it may be admitted. To do so, the court must evaluate whether the reasoning and methodology underlying the testimony is valid and can be reliably applied to the facts of the case."[27]

The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[28] Thus, "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[29] Further, "*Daubert* requires a binary choice – admit or exclude – and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves."[30] While district courts retain latitude to determine how to apply the

---

[24] Fed. R. Evid. 702.
[25] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011) (citing *Daubert*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Kumho Tire*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).
[26] *U.S. v. Valencia*, 600 F.3d 389, 423-24 (5th Cir. 2010) (citing *Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2786).
[27] *Valencia*, 600 F.3d at 424 (citing *Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2786).
[28] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999), superseded by statute on other grounds as stated in *Lester v. Wells Fargo Bank, N.A.,* 805 Fed.Appx. 288 (5th Cir. 2020) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).
[29] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[30] *Taylor v. B&J Martin, Inc.*, 611 F. Supp. 3d 278, 283 (E.D. La. 2020) (quoting *Thompson v. Rowan Cos, Inc.*, Civ. A. No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (Barbier, J.)) (internal quotation marks omitted).

*Daubert* requirements in a bench trial, a court may not "sidestep[] Rule 702 altogether and decline[] to perform any assessment of [expert] testimony before trial."[31] The Court recognizes that because this case is set for a bench trial on June 18, 2024,[32] the objectives of *Daubert*, upon which the instant Motion is partially premised, are no longer implicated and the need for pre-trial rulings on the admissibility of evidence is significantly reduced.[33]

## III.   ANALYSIS

At issue in the instant Motion is Captain Daley's 116-page Expert Report and Analysis, dated August 11, 2023, which contains four separate opinions that are purportedly based upon Captain Daley's "education, training, and hands-on experience."[34] According to the report, Captain Daley has "hands on experience" in vessels similar to the M/V MR LLOYD "in adverse weather conditions," and Captain Daley is "knowledgeable of the vessel's responses to various weather conditions including the adverse conditions of this incident."[35]

Captain Daley's first opinion is that the actual weather encountered by the M/V MR LLOYD during the voyage on the morning of May 5, 2021 was six-foot significant wave height seas, which produces twelve-foot maximum wave height

---

[31] *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 833 (3rd Cir. 2020).
[32] R. Docs. 130 & 131.
[33] *Luwisch v. American Marine Corporation*, Civ. A. No. 17-3241, 2018 WL 3019019, at *3 (E.D. La. June 18, 2018) (Morgan, J.) (citing *United States v. Cardenas*, 9 F.3d 1139, 1154 (5th Cir. 1993); *Government of the Canal Zone v. Jiminez G.*, 580 F.2d 897, 897 (5th Cir. 1978)).
[34] R. Doc. 52-12.  *See, Id.* at p. 6.  To the extent Talos references Captain Daley's addendum report in its Reply brief (R. Doc. 83 at p. 1), the Court notes that the addendum report is dated October 3, 2023, which is the day *after* Talos filed the instant Motion on October 2, 2023.  *See,* R. Docs. 52 & 83-1.  Because the Motion concerns only Captain Daley's original expert report, this Order will address only the opinions contained in the original report.
[35] R. Doc. 52-12 at p. 6.

waves approximately once per hour.[36] Captain Daley's second opinion is that a speed of 20 knots was too fast for the M/V MR LLOYD to be traveling when there were six-foot significant wave heights.[37] Captain Daley's third opinion is that Rodi should have had access to the DTN WeatherOps forecasts received by Talos, which were more informative than the Advanced Logistics forecasts received by Rodi, either by direct subscription, forwarding from Talos, or by reviewing them with the Talos dispatcher prior to departure.[38] Captain Daley's fourth opinion is that Talos should not have dispatched the M/V MR LLOYD into seas with a six-to-nine-foot significant wave height and a twelve-to-eighteen-foot maximum wave height.[39]

Initially, the Court notes that Talos fails to specify the opinions that it seeks to exclude from trial, making it unclear to the Court exactly which of Captain Daley's opinions that Talos seeks to strike. To the extent Talos seeks to exclude the entire report and all four opinions contained therein,[40] the Motion is denied. Throughout the Motion, Talos seeks to exclude Captain Daley's opinions "concerning the supposed legal duties which Talos owed to Plaintiff in this case"[41] on the basis that they are legal conclusions. Talos has not directed the Court to any portion of Captain Daley's report that offers a legal conclusion, nor has the Court found any legal conclusions contained therein. In arguing that Captain Daley's opinions are inadmissible legal conclusions, Talos asserts that, "The foundation of Captain Daley's opinions is that

---

[36] *Id.* at pp. 49-52.
[37] *Id.* at pp. 53-57.
[38] *Id.* at pp. 58-59.
[39] *Id.* at p. 60.
[40] *See*, R. Doc. 52-1 at p. 12 ("Captain Daley's testimony concerning Talos' alleged liability as time charterer of M/V MR. LLOYD on May 5, 2021 should be excluded in its entirety.").
[41] R. Doc. 52 at p. 1; R. Doc. 52-1 at pp. 2, 12, 16-17, 19, 20 & 21.

as time charterer, Talos should have prevented Captain Jordan from making this Voyage because Talos knew that the forecasted sea conditions on May 5, 2021 were allegedly too rough for Captain Jordan to do so safely."[42]  Talos then asserts that, "The ultimate decision about whether to begin or complete a voyage is up to the captain of the vessel, not the time charterer."[43]  Talos made these same arguments in its Motion for Summary Judgment,[44] and the Court rejected these arguments when it denied the Motion for Summary Judgment.[45]  Specifically, the Court found that Plaintiff had raised a genuine issue of material fact regarding whether Talos exercised control over the timing and the means by which a crew change is accomplished and regarding whether Talos was negligent in failing to postpone the crew change or conduct the crew change via helicopter.[46]  In light of that prior ruling, the Court finds that Captain Daley's testimony regarding the opinions contained in his report will help the Court, as the trier of fact, determine facts that are in dispute. If Captain Daley attempts to offer any legal conclusions at trial, such opinions will be excluded.

      To the extent Talos seeks to exclude Captain Daley's opinions because they lack a factual basis,[47] the Fifth Circuit has held that, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's

---

[42] R. Doc. 52-1 at p. 19.
[43] *Id.* (citing authority).
[44] R. Doc. 50.
[45] R. Doc. 132.
[46] *Id.* at pp. 11-21.
[47] R. Doc. 52-1 at pp. 19-21.

consideration."[48] The Fifth Circuit further held that, "It is the role of the adversarial system, not the court, to highlight weak evidence.[49] In *Daubert*, the Supreme Court made clear that, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[50] Further, "In the context of a bench trial, vigorous and skillful cross examination serves as an adequate safeguard against shaky opinion testimony."[51] The court is confident that able counsel in this matter will proceed in that manner. The Court therefore rejects Talos' argument that Captain Daley's opinions should be excluded because they are not based upon sufficient facts or data.

The Court likewise rejects Talos' assertion that Captain Daley's opinions concerning Talos' alleged duties as the time-charterer of the M/V MR LLOYD should be excluded as *ipse dixit*.[52] Talos claims that, "Captain Daley fails to describe any analysis whatsoever in formulating his opinions concerning Talos's alleged duties as the time charterer of M/V MR. LLOYD," and that his opinions "are based on nothing more than Captain Daley's say so."[53] The Court notes, however, that Talos' Reply brief does not mention the phrase "*ipse dixit*," and merely reiterates Talos' argument that Captain Daley's opinions should be excluded because they are legal conclusions

---

[48] *Primrose Operating Co. v. National Amer. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (internal quotation marks omitted and emphasis added in *Primrose*).
[49] *Primrose*, 382 F.3d at 562.
[50] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596, 113 S.Ct. 2786, 2798, 125 L.Ed.2d 469 (1993) (citing *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 2714, 97 L.Ed.2d 37 (1987)).
[51] *Lewis v. Cain*, 605 F. Supp. 3d 864, 869 (M.D. La. 2022).
[52] R. Doc. 52-1 at pp. 19-20.
[53] *Id.* at p. 20.

and not based upon sufficient facts.[54] According to the Supreme Court, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."[55] Here, Captain Daley's report states that his opinions are based upon his "assessment of the discovery provided to date," as well as his maritime training and experience.[56] To the extent Talos maintains that Captain Daley's opinions should be excluded as *ipse dixit*, the Court again finds that this is a matter for cross-examination, not exclusion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Talos Oil and Gas LLC's Motion to Strike the Testimony of Plaintiff's Liability Expert, Gregg Daley[57] is **DENIED.**

New Orleans, Louisiana, March 7, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[54] R. Doc. 83 at pp. 1-2.
[55] *General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 519, 139 L.Ed.2d 508 (1997) (citing *Turpin v. Merrell Dow Pharmaceuticals, Inc.*, 959 F.2d 1349, 1360 (6th Cir.), *cert. denied*, 506 U.S. 826, 113 S.Ct. 84, 121 L.Ed.2d 47 (1992)).
[56] R. Doc. 52-12 at pp. 6, 63-64, 66-67 & 104-114.
[57] R. Doc. 52.