UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY SHANNON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1222** |
| **RODI MARINE, LLC, ET AL.** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is a Motion For Summary Judgment, filed by defendant, Rodi Marine, LLC ("Rodi").[1] Plaintiff, Timothy Shannon, opposes the Motion.[2]

After careful consideration of the parties' memoranda and the applicable law, and for the reasons stated by Plaintiff in his Opposition brief, the Court finds that there are genuine issues of material fact in dispute that preclude summary judgment. In the Motion, Rodi asserts that it is entitled to dismissal because Plaintiff's "only theory of negligence" against Rodi is that Rodi proceeded out in "too-rough seas," which were four to six feet, and the Fifth Circuit has held that such seas are not too rough.[3] As Plaintiff points out in his Opposition brief, however, Plaintiff alleged in the Complaint that Rodi was negligent for, among other things, "Operating the M/V MR LLOYD at an unsafe speed under the circumstances."[4] Rodi does not address this theory of liability in its Motion.[5]

---

[1] R. Doc. 67.
[2] R. Doc. 76.
[3] R. Doc. 67; R. Doc. 67-1 at pp. 1-2 & 5-8.
[4] R. Doc. 76 at p. 12 (*citing* R. Doc. 1 at ¶ 10). *See also*, R. Doc. 1 at ¶ 9 ("During the boat ride, several hours after the ride began and many miles out to sea, the M/V MR LLOYD encountered especially rough seas while operating at an unsafe speed, thereby causing Plaintiff to be unexpectedly thrown about, and resulting in Plaintiff sustaining injuries to his neck, back and hip, among other parts of his body.").
[5] *See, generally*, R. Doc. 67.

Additionally, Plaintiff has produced evidence supporting his position that Rodi's vessel captain, Howard Jordan, was negligent in operating the M/V MR LLOYD at a high speed at the time of Plaintiff's injury. Plaintiff submitted evidence showing that there were six-to-nine-foot significant seas at the time of his injury,[6] and that Captain Jordan operated the M/V MR LLOYD at "full throttle," which was at approximately 20 knots for the entire voyage.[7] Plaintiff's position is that he was injured when the M/V MR LLOYD encountered two large waves, both of which caused the M/V MR LLOYD to slam into the water.[8] Plaintiff has submitted the deposition testimony of another passenger aboard the M/V MR LLOYD who likewise stated that the M/V MR LLOYD slammed into the water one or more times during the voyage.[9] Plaintiff has also submitted the deposition testimony of a second captain aboard the M/V MR LLOYD at the time of the incident, Dean Pinder, who stated that he would have pulled back on the throttle, or slowed down, if the waves were six to eight feet or after the boat had bounced or slammed one time.[10] Plaintiff's expert, Captain Gregg Daley, issued an expert report and an addendum thereto, which also support Plaintiff's position that Captain Jordan was driving too fast for the sea conditions at the time, which caused or contributed to Plaintiff's injuries.[11] As Plaintiff correctly points out, Rodi's Motion fails to address, or even acknowledge, Captain Daley's reports. Rodi did not file a reply brief addressing the evidence submitted by Plaintiff.

---

[6] R. Doc. 76 at pp. 6-9 (*citing* R. Docs. 76-4, 76-5, 76-8, 76-10, & 76-11).
[7] R. Doc. 76 at p. 4 (*citing* R. Docs. 76-8 & 76-9).
[8] R. Doc. 76 at pp. 2-3 (*citing* R. Doc. 76-2).
[9] R. Doc. 76 at pp. 2-3 (*citing* R. Doc. 76-3).
[10] R. Doc. 76 at p. 5 (*citing* R. Doc. 76-5).
[11] R. Doc. 76 at pp. 1, 4, 10, & 13 (*citing* R. Docs. 76-4 & 76-10).

The Court finds that the foregoing evidence raises a genuine dispute regarding whether Captain Jordan was driving too fast for the sea conditions, which is material to Plaintiff's claim against Rodi. To the extent Rodi asserts that the Fifth Circuit has held that six-to-eight-foot seas are ordinary and not rough,[12] Rodi "is plainly wrong."[13] As explained by another Section of this Court, "The Fifth Circuit has not held that, as a matter of law, performing *any* ocean operation in six to eight foot seas is not unreasonable. Instead, relevant case law points to different conclusions regarding the reasonableness of sea operations, all depending on the particular conditions and operation to be performed."[14] As such, the Court finds that Rodi has failed to show that it is entitled to summary judgment.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion For Summary Judgment, filed by Rodi Marine, LLC,[15] is **DENIED.**

New Orleans, Louisiana, March 12, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[12] R. Doc. 67 & R. Doc. 67-1 at pp. 7-8.
[13] *Champion v. GlobalSantaFe Drilling Co.*, Civ. A. No. 06-1800, 2008 WL 5273708, at *3, n.2 (E.D. La. Dec. 15, 2008) (Duval, J.).
[14] *Id.* (citing *Hebron v. Union Oil Co. of Cal.*, 634 F.2d 245, 246 (5th Cir. 1981) (seas of six to eight feet found to be "moderately rough, but not necessarily dangerous for loading and unloading equipment"); *Hodgen v. Forest Oil Corp.*, 862 F. Supp. 1552, 1556 (W.D. La. 1994) (finding time charterer negligent where it ordered a swing-rope transfer to be performed in seven to nine foot seas)) (emphasis added). *See also, Simms v. Oceaneering Int'l, Inc.*, Civ. A. No. 04-1298, 2005 WL 267570, at *2 (E.D. La. Feb. 1, 2005) (Vance, J.) (finding issue of fact precluding summary judgment concerning whether vessel owner should have suspended food preparation in rough seas that led to ship's cook's injury); *Champagne v. Tetra Applied Techs. Inc.*, Civ. A. No. G-05-299, 2005 WL 3478171, at *5 (S.D. Tex. Dec. 20, 2005) (Kent, J.)("A review of the case law reveals that there are no bright lines, and the Court finds that the inquiry as to the weather and sea conditions and the impact of those conditions on vessels and platforms operating in the Gulf of Mexico involves questions and inquiries of fact, not law.").
[15] R. Doc. 67.