UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY SHANNON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1222** |
| **RODI MARINE, LLC, ET AL.** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is a Motion For Partial Summary Judgment on Defendant Talos Oil & Gas, LLC's Affirmative Defenses, filed by plaintiff, Timothy Shannon.[1] Talos Oil & Gas, LLC ("Talos") opposes the Motion.[2]

In the Motion, Plaintiff seeks summary judgment as to the third, fifth, sixth, seventh, and eighth affirmative defenses asserted by Talos.[3] During a telephone status conference held on November 22, 2023, the Court issued an oral order denying in part and deferring in part Plaintiff's Motion.[4] The Court denied the Motion as to Talos' third, sixth, seventh, and eighth affirmative defenses and deferred ruling on Talos' fifth affirmative defense, for the reasons stated during the conference.[5] Thus, the only issue before the Court is whether Plaintiff is entitled to summary judgment as to Talos' fifth affirmative defense.

In its fifth affirmative defense, Talos asserts the following:

> Alternatively, the sole cause of the alleged accident, or a contributing cause to it, was the fault, carelessness, misconduct, negligence, and/or want of due care on the part of third parties, individuals, and/or independent contractors for whom Talos is not responsible, which acts or omissions serve as a complete bar to, or in diminution of, any recovery by Plaintiff against Talos.[6]

---

[1] R. Doc. 65.
[2] R. Doc. 78.
[3] R. Doc. 65. *See*, R. Doc. 10 at pp. 3-4.
[4] R. Doc. 107.
[5] *Id*.
[6] R. Doc. 10 at p. 3.

Plaintiff argues that Talos has no evidence to support its fifth affirmative defense because Talos has not deposed any third parties "upon whom Talos could foist liability."[7]  Plaintiff points out that Talos has deposed only one witness in this case – Plaintiff – and that Talos asserted in its own Motion for Summary Judgment that, "There is no evidence that Rodi breached any duty of reasonable care owed to Plaintiff in its operation and navigation of M/V MR LLOYD" on the subject voyage.[8]  In its opposition, Talos argues that Rodi is a third party and that its affirmative defenses are supported by record evidence.[9]  Talos points to the expert report issued by Plaintiff's navigation expert, Captain Gregg Daley, which suggests that Rodi's captain operated the M/V MR LLOYD at an excessive rate of speed under the prevailing sea conditions during the voyage.[10]  Talos notes that the case is government by general maritime law, under which a tortfeasor's liability is established through principles of comparative fault.[11]  Talos contends that it is irrelevant whether it believes that Plaintiff will be able to prove that Rodi breached the standard of care.  Talos claims that the Court's ruling on Rodi's Motion for Summary Judgment will either render Plaintiff's Motion moot or prove that there are triable issues regarding Rodi's alleged negligence.[12]

After careful consideration of the parties' memoranda and the applicable law, the Court finds that there are genuine issues of material fact in dispute that preclude

---

[7] R. Doc. 65-1 at p. 4.
[8] *Id.* (*quoting* R. Doc. 50-14 at p. 9 n.54) (internal quotation marks omitted).
[9] R. Doc. 78 at pp. 1 & 3.
[10] *Id.* at p. 3 (*citing* R. Doc. 78-3 at pp. 49-57).
[11] R. Doc. 78 at p. 3 (citing authority).
[12] *Id.* (*citing* R. Doc. 67).  On March 12, 2024, the Court issued an Order and Reasons denying Rodi's Motion for Summary Judgment.  R. Doc. 134.

summary judgment on Talos' fifth affirmative defense. While Plaintiff argues that Talos has no evidence of third-party fault, Plaintiff's own expert, Captain Daley, has opined that Plaintiff's injury was caused, at least in part, by the actions of Howard Jordan, Rodi's captain of the M/V MR LLOYD.[13] Talos has provided a copy of Captain Daley's expert report in which he opines that Captain Jordan, who was driving at a speed of 20 knots at the time of Plaintiff's injury, was driving too fast for the sea state at the time.[14] The Court is also aware of other evidence of record that supports Plaintiff's position that the actions of Rodi's captain caused or contributed to Plaintiff's injuries.[15] The Court finds that the foregoing evidence raises a genuine dispute regarding whether Rodi, a third party, caused or contributed to Plaintiff's injuries. Plaintiff has failed to show that he is entitled to summary judgment on Talos' fifth affirmative defense.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion For Partial Summary Judgment on Defendant Talos Oil & Gas, LLC's Affirmative Defenses,[16] filed by Timothy Shannon, is **DENIED** to the extent Plaintiff seeks summary judgment on Talos' fifth affirmative defense.

New Orleans, Louisiana, March 14, 2024.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[13] R. Doc. 78-3.
[14] *Id.* at pp. 53-57 & 61-62.
[15] *See*, R. Doc. 134.
[16] R. Doc. 65.