## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY SHANNON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1222** |
| **RODI MARINE, LLC, ET AL.** | **SECTION: D (5)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine to Exclude Dr. Brandon Taravella's Opinions on Accelerations.[1] Plaintiff seeks to exclude Dr. Taravella from testifying at trial pursuant to Fed. R. Evid. 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[2] on the basis that he is not qualified to offer expert opinions on the acceleration, or gravitational forces ("g-forces"), that Plaintiff experienced during his voyage aboard the M/V MR LLOYD on May 5, 2021, that his methodology and opinions are unreliable, and that his opinions using the root mean square, or average, of those forces are irrelevant and unhelpful to the fact finder.[3] Rodi Marine, LLC ("Rodi Marine") opposes the Motion,[4] asserting that Dr. Taravella has expertise in naval architecture and hydrodynamics and is qualified to offer opinions as to hydrodynamics.[5] Rodi contends that his testimony goes to the issue of Rodi's negligence and will be helpful to determine "whether Rodi traveled too

---

[1] R. Doc. 94.
[2] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[3] R. Doc. 94-1.
[4] The Court notes that both Rodi Marine and Talos Oil & Gas, LLC ("Talos"), listed Dr. Taravella on their witness lists, with Talos noting that Dr. Taravella would provide "Expert testimony regarding naval architecture and hydrodynamics." R. Doc. 31 at p. 4. *See*, R. Doc. 34 (Rodi Marine listing Dr. Taravella as "Expert Witness: naval architecture and hydrodynamics, Pelican Marine."). Talos has not filed an opposition to Plaintiff's Motion or otherwise joined in the Motion.
[5] R. Doc. 103 at pp. 1, 2, 4-6.

quickly for the prevailing seas." [6] Rodi further asserts that Dr. Taravella's methodology, whereby he used computer modeling to calculate the root mean squared accelerations at the location where Plaintiff was sitting during the voyage, "is typically used by naval architects to analyze seakeeping results."[7] Plaintiff filed a Reply, maintaining his argument that Dr. Taravella's opinions regarding acceleration should be excluded as unreliable.[8]

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

I.   LAW AND ANALYSIS

The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[9] As a result, "Most of the safeguards provided for in *Daubert* are not as essential in a case . . . where a district judge sits as the trier of fact in place of a jury."[10] Further, "*Daubert* requires a binary choice – admit or exclude – and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves."[11] The Court recognizes that the rejection of expert testimony is the

---

[6] *Id.* at pp. 1-6.
[7] *Id.* at pp. 6-10 (*quoting* R. Doc. 94-5 at p. 5) (internal quotation marks omitted).
[8] R. Doc. 113.
[9] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999), superseded by statute on other grounds as stated in *Lester v. Wells Fargo Bank, N.A.,* 805 Fed.Appx. 288 (5th Cir. 2020) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).
[10] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[11] *Taylor v. B&J Martin, Inc.*, 611 F. Supp. 3d 278, 283 (E.D. La. 2020) (quoting *Thompson v. Rowan Cos, Inc.*, Civ. A. No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (Barbier, J.)) (internal quotation marks omitted).

exception and not the rule.[12]  Nonetheless, "expert testimony should be excluded in a bench trial if the Court finds that the proffered testimony deals only with common sense issues with which the Court, in its role as trier of fact, needs no expert assistance to resolve."[13]

The Court again begins with whether expert testimony is necessary in this matter, or whether the proffered testimony deals only with common sense issues. Neither party argues that the expert testimony is unnecessary and within the common knowledge of the Court; the Court agrees.  On the issue of Dr. Taravella's qualification to offer opinions regarding the acceleration that Plaintiff experienced during the voyage at issue, the Court finds that Rodi Marine has established some reasonable indication of Dr. Taravella's qualifications based upon his education, training, knowledge of, and experience in, naval architecture and hydrodynamics.[14] As such, any alleged flaws in Dr. Taravella's qualifications will be issues for the Court, as the trier of fact, to weigh during the trial on the merits.[15]  The Court also finds that the strength of Dr. Taravella's credentials "goes to the weight of his testimony and not its admissibility."[16]  To the extent Plaintiff asserts that Dr.

---

[12] *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011)  (*quoting* Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments) (internal quotation marks omitted).
[13] *Taylor v. B&J Martin, Inc.*, 611 F. Supp. 3d 278, 283 (E.D. La. 2020) (citing *Thompson v. Rowan Cos.*, Civ. A. No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (Barbier, J.)).
[14] *See,* R. Doc. 94-6; R. Doc. 103 at pp. 9-11.
[15] *Dauterive v. Guilbeau Marine Logistics LLC*, Civ. A. No. 15-2182, 2018 WL 3435422, at *5 (W.D. La. July 13, 2018) (M.J. Hanna).
[16] *Rhodes v. Genesis Marine, LLC of Delaware*, Civ. A. No. 18-746, 2019 WL 3282125, at *3 (E.D. La. July 19, 2019) (Morgan, J.) (quoting *Montgomery v. Parker Towing Co., Inc.*, Civ. A. No. 07-3218, 2008 WL 559569, at *2 (E.D. La. Feb. 26, 2008) (Africk, J.) (citing *Curry v. ENSCO Offshore Co.*, 54 Fed.Appx. 407 (5th Cir. 2002); *Williams v. Warren,* 253 F.3d 700 (5th Cir. 2001)) (internal quotation marks omitted).

Taravella lacks the requisite experience using the software General HydroStatics (GHS) SeaKeeping Module by Creative Systems, Inc. to calculate the acceleration experienced by Plaintiff,[17] the Court finds that such objections go to the weight, rather than the admissibility, of the testimony.[18]

As to the reliability of Dr. Taravella's opinions, and Dr. Taravella's calculation of the root mean squared acceleration that acted on Plaintiff at the time of his alleged injury, rather than calculating the "forces from the injury-causing waves at the end of the voyage,"[19] this Court is capable of weighing Dr. Taravella's opinions during trial on the merits.[20] Dr. Taravella's decision to consider only the average forces that acted upon Plaintiff, however flawed that may or may not prove to be, goes to the weight, rather than the admissibility of his testimony.[21]

The Court further finds that Dr. Taravella's report and Rodi Marine's Opposition brief and, specifically, Dr. Taravella's reliance upon a table purportedly established by "U.S. Navy researchers" regarding "crew comfort and performance transition zones," raise questions about the methodology used by Dr. Taravella.[22] With that said, the Court finds it appropriate to allow Dr. Taravella to explain his reliance on the table and the bases for his opinions, and to determine what weight, if any, to give to those opinions. The Fifth Circuit has held that, "[a]s a general rule,

---

[17] R. Doc. 94-1 at pp. 9-10.
[18] *Dauterive*, Civ. A. No. 15-2182, 2018 WL 3435422 at *4.
[19] R. Doc. 94-1 at p. 11.
[20] *See*, *Dauterive*, Civ. A. No. 15-2182, 2018 WL 3435422 at *5 (citing *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996)).
[21] *Dauterive*, Civ. A. No. 15-2182, 2018 WL 3435422 at *5.
[22] R. Doc. 94-5 at pp. 7-8; R. Doc. 103 at pp. 9-10. *See,* R. Doc. 94-1 at pp. 11-13; R. Doc. 113 at pp. 8-9.

questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration."[23]  Further, the Supreme Court in *Daubert* made clear that, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[24]  The Court is confident that able counsel within our adversarial system will highlight any weak evidence at trial.  This Court is fully capable of determining the weight, if any, to be given to an expert's testimony.  Given that this case is set for a bench trial on June 18, 2024,[25] and that the objectives of *Daubert*, upon which the instant Motion in Limine is premised, are no longer implicated, the Court finds that the Motion should be denied at this time.[26]  The Court therefore rejects Plaintiff's argument that Dr. Taravella's expert opinions on accelerations should be excluded.

---

[23] *Primrose Operating Co. v. National Amer. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d at) (internal quotation marks omitted and emphasis added in *Primrose*).
[24] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596, 113 S.Ct. 2786, 2798, 125 L.Ed.2d 469 (1993) (citing *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 2714, 97 L.Ed.2d 37 (1987)).  *See, Lewis v. Cain*, 605 F. Supp. 3d 864, 869 (M.D. La. 2022) (same).
[25] R. Docs. 130 & 131.
[26] *Deville v. Comar Marine Corp.*, Civ. A. No. 08-4104, 2009 WL 1870896, at *1 (E.D. La. June 25, 2009) (Barbier, J.).

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Exclude Dr. Brandon Taravella's Opinions on Accelerations [27] is **DENIED.**

New Orleans, Louisiana, April 17, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[27] R. Doc. 94.