UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY SHANNON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 22-1222** |
| **RODI MARINE, L.L.C., ET AL.** | **SECTION: "D"(5)** |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Enforce Settlement (rec. doc. 173) filed by Defendant Rodi Marine, L.L.C. ("Rodi Marine").[1] Plaintiff Timothy Shannon opposes the motion. (Rec. doc. 175). Having reviewed the pleadings and the case law, the Court recommends as follows.

**I.    Background**

This lawsuit is grounded in maritime personal injury. After nearly two years of litigation, the parties settled this lawsuit on the eve of trial. On the day that trial was to start, the parties placed the settlement on the record before the District Judge. The settlement terms included:

> • Timothy Shannon agreed to accept a full and final resolution of all claims in this matter against Defendants, in exchange for $950,000.00 and an entire waiver of the LHWCA lien.
>
> • Rodi Marine agreed to contribute $825,000.00 of the settlement funds.
>
> • Helmerich & Payne agreed to contribute $25,000.00 of the settlement funds.
>
> • Talos Oil & Gas, L.L.C. agreed to contribute $100,000.00 of the settlement funds.

(Rec. doc. 172 at 4-5). In addition to the above terms, counsel for Rodi Marine added that Plaintiff would execute a standard release with confidentiality and that a self-administered Medicare set-aside would be "more than adequate." (*Id.* at 4).

---

[1] The District Court referred this motion to the undersigned under 28 U.S.C. § 636(b) on August 1, 2025. (Rec. doc. 174).

Plaintiff now refuses to sign the release proffered by Defendants. Specifically, Plaintiff does not want to sign a release that lists his body parts that were injured. Nor will he sign a document that releases any sort of derivative claim, such as a loss of consortium claim on the part of his wife.

## II.     Law and Analysis

The issue of the enforceability or validity of a settlement in a general maritime law case is determined by federal law since the substantive rights and liabilities of the parties derive from federal law. *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). A district court has the power to summarily enforce a settlement agreement reached in a case pending before it. *Id.*[2] The person attacking a settlement bears the burden of showing that the agreement was tainted with invalidity either by fraud or mutual mistake. *Mid-South*, 733 F.2d at 392.

"The Fifth Circuit regards a settlement agreement as a contract, and courts are instructed to enforce them as they would a contract." *Guidry v. Halliburton Geophysical Servs.*, 976 F. 2d 938, 940 (5th Cir. 1992). "Under maritime law, an oral agreement to settle a case or controversy is binding and is commonplace in the industry." *Kossick v. United Fruit Co.*, 365 U.S. 731, 734 (1961). Settlement agreements are favored. *See Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910). Because it is presumed that the parties making settlements have considered their own interests, settlement agreements should not be taken lightly or be interfered with or impeached. *Thibaut v. Ourso*, 605 F. Supp. 1, 2-3 (M.D.

---

[2] The Court notes that it retains jurisdiction to enforce the settlement agreement because the District Judge did so explicitly in the Order of Dismissal. (Rec. doc. 171); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994).

La. 1981). "It is well settled that in the absence of fraud, mistake, or other circumstance going to the validity of the agreement, a settlement voluntarily entered into cannot be repudiated by either party or set aside by the court." *E.N. Bisso & Son, Inc. v. World Marine Transp. & Salvage*, Civ. A. No. 94-00690, 1996 WL 28520, at *5 (E.D. La. Jan. 23, 1996).

Rodi Marine admits that it has no found precedent in the Fifth Circuit for interpreting a maritime settlement agreement in the face of silence on an issue not negotiated at a settlement conference or agreed to when putting the settlement on the record. Neither has this Court found any such precedent. The undersigned can attest that the parties did not originally negotiate a release with confidentiality nor a release of any derivative claim because the undersigned conducted the settlement conferences that led to the settlement. The parties and the undersigned only discussed the amount of money that Plaintiff was to receive and who would pay what amount of money. However, because the parties agreed before the District Judge when putting the settlement on the record to a standard release with confidentiality (rec. doc. 172 at 4), such a release and confidentiality are now part of the settlement.

As to the inclusion of the body parts in the release and the release of any derivative claim by Plaintiff's spouse, none of that was discussed at the settlement conference nor were those terms put on the record before the District Judge. Simply because Rodi Marine attests that "standard releases" always include the injured body parts and the release of derivative claims does not make it so. At the settlement conference before the undersigned the parties discussed the amount that Defendants would pay to Plaintiff – no more, no less. *See, e.g., Altro Donna, L.L.C. v. Terraquest Grp., L.L.C.*, No. CV 13-5197, 2016 WL 4717987, at

3

*1 (E.D. La. Mar. 24, 2016) ("At the settlement conference, the parties reached the essential elements of a settlement agreement, specifically, that they would settle the matter and the amount of money that plaintiffs would receive.  The Port argues that there was no "meeting of the minds" and no settlement because it reasonably expected that indemnification would be included in the settlement documents as it argues is the "custom" in maritime cases in the Fifth Circuit.  Indemnification was not discussed at the settlement conference.  Thus, it was not a part of the agreement, and the Port still has not cited to any authority that is "customary" in the Fifth Circuit to include such language in settlement agreements without it having been agreed to as a term of the settlement.").  Neither did any party raise the issue of the inclusion of body parts or the release of derivative claims when putting the settlement on the record before the District Judge.  Indeed, it is even unclear whether Plaintiff can waive a derivative claim on behalf of his wife as she is not a party to this lawsuit, and Rodi Marine has cited this Court to no case law that a plaintiff may release the claims of third parties when negotiating a settlement.  Neither has Rodi Marine cited this Court to any authority in the Fifth Circuit that it is "customary" in a standard release to include the injured body parts or to release the derivative claims of non-parties.  The Court will accordingly recommend the enforcement of the settlement agreement as negotiated by the parties and as stated on the record.

I note here that this Report and Recommendation ("R&R") has been prepared for almost a month.  In that time, the Court has been actively and regularly communicating with counsel for the parties to attempt an amicable resolution to these issues.  Those efforts have not borne fruit, thus the issuance of this R&R.

I further note that attached to the motion as exhibits are two documents – a draft release last edited and sent to Defense counsel by Plaintiff's counsel and an email train in which counsel discuss and debate the various terms at issue in this motion, namely the inclusion of specific body parts in the release and the release of so-called derivative claims. (Rec. docs. 173-2, 3).  In all other respects, save for those two issues, the exhibits indicate the parties are in agreement.  Accordingly, the Court will recommend that the version of the settlement release last sent by Plaintiff's counsel to Defense counsel is the version that will be signed by all parties to consummate the settlement.

**III.    Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Enforce Settlement (rec. doc. 173) be **GRANTED IN PART AND DENIED IN PART**.  The terms of the parties' settlement are reflected in the most recent draft settlement release document sent by Plaintiff's counsel to Defense counsel.  Those terms do not include a recitation of the specific body parts the plaintiff claims were injured in the subject incident, nor do they include any derivative claims.  The undersigned further recommends that the defendants transmit the settlement funds to Plaintiff's counsel to be held in trust until Plaintiff signs the release document that his counsel submitted to Defense counsel as having been approved by them.

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

5

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 16th day of October, 2025.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**MICHAEL B. NORTH**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**